IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE TIMMONS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-2103-D |
| | § | |
| STATE OF TEXAS | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Ronnie Timmons, a former Texas prisoner, against the State of Texas. On July 2, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on July 10, 2012. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint and interrogatory answers, plaintiff appears to allege that he was wrongfully convicted of theft and sentenced to prison because he never appeared before a judge. (*See* Plf. Compl. at 1; Mag. J. Interrog. #1 & 5). By this suit, plaintiff seeks $4 million in damages. (*See* Mag. J. Interrog. #2).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (i)  is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191,

205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

### B.

The court initially observes that plaintiff's claims are barred by limitations.  In Texas, a civil rights action brought under 42 U.S.C. § 1983 is governed by a two-year statute of limitations.  *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990).  The limitations period begins to run "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint."  *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987).  In his interrogatory answers, plaintiff alleges that he was wrongfully convicted of theft in 1993.  (*See* Mag. J. Interrog. #5).  Yet plaintiff did not file this lawsuit until July 2, 2012 -- more than *18 years* later.  It is clear from the face of the pleadings that this case is time-barred.  *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

### C.

Even if timely filed, plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  *Heck* holds that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid.  *Heck*, 114 S.Ct. at 2372.  The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence."  *Id.*  If so, the claim is barred unless the conviction has been reversed or been declared invalid.  *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Plaintiff alleges that he was wrongfully convicted of theft because he never appeared before a judge. Such a claim necessarily implies the invalidity of plaintiff's conviction, which has never been reversed or declared invalid. (*See* Mag. J. Interrog. #4 & 6). Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983.[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] The court also notes that plaintiff cannot sue the State of Texas, the only defendant named in his complaint, for money damages absent a waiver of Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10, 105 L.Ed.2d 45 (1989). Although Texas has waived immunity for certain tort claims, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021 & 104.002, "the waiver of immunity does not apply to any claim 'based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit.'" *Kastner v. Lawrence*, 390 Fed. Appx. 311, 2010 WL 3023304 at *3 (5th Cir. July 23, 2010), *quoting* Tex. Civ. Prac. & Rem. Code Ann. § 101.053(a).

DATED:  July 12, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE